UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:19-cr-133-SPC-MRM

JESMARILYS MONTESINOS

## **OPINION AND ORDER**[1]

Before the Court is Defendant Jesmarilys Montesinos's Motion in Limine (Doc. 87) and the government's response (Doc. 93).

The government charged Montesinos with making false statements on two Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Form 4473s while buying six guns at a gun show. Montesinos allegedly stated on the forms that she was the "actual buyer/transferee" when she was in fact buying the guns on behalf of Steven Usma, who had failed an instant background check at the gun show.

Montesinos gave two recorded statements to law enforcement officers about three months after the sale. Montesinos now asks the Court to preclude the government from raising at trial seven topics that were discussed in the taped statements:

   (a) defendant's prior criminal arrest or pending charges;
   (b) the defendant's alleged use or possession of marijuana;
   (c) gun violence or the actual or hypothetical use of semi-automatic assault rifles in crimes of violence or mass shootings;
   (d) the alleged recovery in Puerto Rico of one of the firearms purchased by defendant at a gun show in Fort Myers and/or that the serial number on the said firearm had been rendered illegible and/or measures taken by law enforcement to render all or a portion of the serial number legible;

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

> (e) efforts to trace the present whereabouts of any of the firearms purchased by the defendant at the gun show in Fort Myers;
> *(f) that defendant purchased twelve firearms at the Fort Myers gun show, rather than the six for which she was indicted;*
> (g) that co-defendant Steven Usma was denied the right to lawfully purchase firearms at the gun show because he was at that time a convicted felon and that he lied on ATF Form 4473 by stating that he was not.

(Doc. 87 at 2) (emphasis added).  Montesinos argues that evidence of these topics should be excluded under Federal Rules of Evidence 403 and 404(b).  The government agrees that all but one of these topics are largely irrelevant and does not intend to introduce evidence concerning them at trial.  But the government argues the number of firearms Montesinos purchased—the item italicized above—"is admissible as inextricably intertwined with other relevant and highly probative evidence." (Doc. 93 at 2).

Under Federal Rule of Evidence 404(b), *extrinsic* evidence of bad acts cannot be admitted to prove a defendant's character in order to suggest the defendant acted in conformity with that character.  But evidence of bad acts is *intrinsic* to the charged crime—and thus not governed by Rule 404(b)—"if it is '(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense.'" *United States v. Larios-Trujillo*, 403 F. App'x 442, 443-44 (11th Cir. 2010) (quoting *United States v. Vetmann*, 6 F.3d 1483, 1498 (11th Cir. 1993)).  To fall under one of these categories, the evidence generally "must be 'linked in time and circumstance with the charged crime, or form an integral and natural part of an account of the crime, or be necessary to complete the story of the crime for the jury.'" *Id.* at 444 (quoting *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985)).

In an interview with ATF Special Agent Olinda Casa, Montesinos said she sold all the guns she purchased at the gun show to a man she met through an online marketplace. When Agent Casa asked how many guns she sold to the unidentified man, she said, "Twelve…All twelve of them." (Doc. 93 at 5). Later in the interview, Montesinos admitted she bought the guns for Usma and has not seen any of them since the day of the gun show.

The number of guns Montesinos admitted purchasing is intrinsic evidence because it is "an integral and natural part of [her] account of the crime." *Larios-Trujillo*, 430 F. App'x at 444. Rule 404(b) thus does not prohibit its use at trial. Nor does Rule 403. Montesinos's admission is unquestionably probative, and the government cannot accurately describe the admission without mentioning the number of guns she admitted purchasing. The probative value of an accurate account of the admission outweighs any undue prejudice that may stem from reference to her uncharged purchase of six additional guns.

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion in Limine (Doc. 87) is **DENIED** as to evidence "that the defendant purchased twelve firearms at the Fort Myers gun show, rather than the six for which she was indicted."

(2) Defendant's Motion in Limine is **GRANTED** as to the remaining six categories of evidence. If Defendant opens the door to any of these topics during trial, the government shall seek leave of the Court before introducing evidence or eliciting testimony about them.

**DONE AND ORDERED** in Fort Myers, Florida on this 1st day of July 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record